UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR FALLS, | 1: 06 CV 01681 OWW WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 12] |
| M. C. KRAMER, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted of possession of marijuana in prison and a number of sentencing enhancements were found true. On February 15, 1996, Petitioner was sentenced to an indeterminate state prison term of twenty-five years to life.

On August 6, 1997, the California Court of Appeal, Fifth Appellate District, affirmed the judgment, but remanded the matter for reconsideration of the sentence pursuant to People v. Superior

Court(Romero), 13 Cal.4th 497 (1996).   Petitioner did not seek review in the California Supreme Court.

On December 8, 1997, the trial court conducted a Romero hearing reconsidering Petitioner's sentence in compliance with the Court of Appeal's opinion and declined to strike Petitioner's priors.

Petitioner filed an application for relief from default and for permission to file a belated notice of appeal in the California Court of Appeal.  On March 15, 1999, the Court of Appeal deemed the application to be a petition for writ of habeas corpus.  On July 21, 1999, the Court of Appeal concluded that Petitioner was entitled to file a belated appeal challenging the December 8, 1997 judgment.   On September 21, 1999, the Court of Appeal, with the exception of granting Petitioner's application to file a belated appeal, denied the habeas corpus petition.

On January 19, 2001, the Court of Appeal affirmed the judgment.  Petitioner sought review in the California Supreme Court, which the court denied on March 28, 2001.

Petitioner filed four pro se post-conviction collateral challenges to his conviction in state court.  All of the petitions were denied.

On September 12, 2002, Petitioner filed a petition for writ of habeas corpus in the this court, challenging the same conviction he challenges in the present petition.  See Falls v. Lewis, 1:02-cv-6107 OWW TAG HC.  On February 12, 2007, the Magistrate Judge recommended that the petition be denied on the merits.  The report and recommendation was adopted by the District Judge on March 13, 2007, and judgment was entered for Respondent.  The Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.

## LEGAL STANDARDS

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Kings County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a);

1  2241(d). Accordingly, the court has jurisdiction over the action.

2  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

1  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
2  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.
3  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
4  determinations must be presumed correct, and the federal court must accept all factual findings made
5  by the state court unless the petitioner can rebut "the presumption of correctness by clear and
6  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
7  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
8  1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that it is successive and untimely. Petitioner opposes the motion.  Because the court finds merit in Respondent's first contention, it finds it unnecessary to reach the second.

The law regarding successive petitions is set forth in AEDPA's "gatekeeping" provisions found in 28 U.S.C. § 2244 and provides in part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3).

In this case, Respondent contends that Petitioner raised all of the same claims, with the exception of his ineffective assistance of counsel claim, in his prior federal application.  He argues that as Petitioner did not raise his ineffective assistance of trial counsel claim in his prior federal

habeas corpus petition challenging the same conviction, the claim was successive under 28 U.S.C. § 2244(b)(2).  He further argues that all of Petitioner's other claims, which were already addressed on the merits in his previous petition, are successive under 28 U.S.C. § 2244(b)(1).  The court agrees with Respondent's contentions.

Although Petitioner opposes the motion to dismiss, he does not address the application of AEDPA's gatekeeping provisions to his case.  Most importantly, Petitioner does not address the requirement under 28 U.S.C. § 2244(b) (3)(A) to obtain an order from the Ninth Circuit authorizing a second or successive application for writ of habeas corpus.  Without such authorization from the Court of Appeal, this court cannot consider the merits of this petition.  The court finds that the required authorization does not exist in this case.

Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, a certificate of appealability will be denied.

1  Based on the foregoing, IT IS HEREBY ORDERED as follows:
2  1) Respondent's motion to dismiss is GRANTED;
3  2) This petition for writ of habeas corpus is DISMISSED without prejudice as an unauthorized
4  second or successive petition;
5  3) A certificate of appealability is DENIED; and
6  3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.
7  IT IS SO ORDERED.

**Dated:   February 28, 2008**                    **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE